IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DANIEL DICKSON,<br>   *Plaintiff* | § § § § § § § § § | |
| -vs- | | EP-19-CV-00142-RFC |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY;<br>   *Defendant* | | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claims for disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties consented to trial on the merits before a United States Magistrate Judge, and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas. For the reasons set forth below, this Court orders that the Commissioner's decision be **REVERSED** and **REMANDED**.

### I. PROCEDURAL HISTORY

On August 5, 2015, Plaintiff first filed a Title II application alleging a disability onset date of November 1, 2014. (R:590–93). Plaintiff's claim was denied on September 16, 2015 (R:514–18), denied upon reconsideration on February 5, 2016 (R:524–27), denied by the Administrative Law Judge ("ALJ") on March 27, 2018. (R:432–43), and the Appeals Council denied Plaintiff's request for review on April 5, 2019. (R:1–4).

### II. ISSUES

Plaintiff presents the following issues for review:

1

1. The ALJ's residual functional capacity ("RFC") determination and impairment findings impermissibly omitted Plaintiff's chronic pain syndrome, long-term opioid pain management, and Plaintiff's use of a cane; and
2. The ALJ's RFC determination did not consider Plaintiff's objective medical evidence.

(ECF. No 14).

### III. DISCUSSION

#### a. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because

substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

   b. **Evaluation Process**

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairment(s) that is severe; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment(s) prevent claimant from performing past relevant work; and (5) whether the impairment(s) prevent the claimant from doing any other work. 20 C.F.R. § 404.1520(4).

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof at the first four steps. Once met, the burden will then shift to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir.1988). If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Selders*, 914 F.2d at 618 (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)).

Here, at the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2014, the alleged onset date. (R:435). At the second step, the ALJ

3

found that Plaintiff had the following severe impairments: status post umbilical hernia repair; degenerative disc disease of the lumbar spine with history of laminectomy; left chronic patellar tendon rupture; bilateral osteoarthritis of bilateral knees; right lateral epicondylitis; acute carpal tunnel syndrome of the left wrist; large humeral head osteophyte, left; headaches; and obesity. (R:435). At the third step, the ALJ found that Plaintiff did not have an impairment or combinations of impairments that met or medically equaled the severity of one of the listed impairments. (R:435).

Before the fourth step, the ALJ found that Plaintiff was capable of performing a limited range of light work. (R:436). Specifically, Plaintiff was found to be able to do the following: lift and carry twenty pounds occasionally and ten pounds frequently; stand and /or walk about four hours out of an eight-hour workday and sit about six hours out of an eight-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally overhead reach with the bilateral upper extremities; frequently handle, finger, and feel with the bilateral extremities; and occasionally be exposed to bright flashing lights or industrial-strength chemicals. (R:436).

At the fourth step, the ALJ found that Plaintiff was unable to perform any past relevant work. (R:441). At the last step, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (R:442). The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from November 1, 2014, through the date of the ALJ's decision. (R:442).

### c. Analysis

#### i. Plaintiff's Chronic Pain Syndrome

In Plaintiff's first contention, he indicates that the ALJ erred in her RFC determination because she failed to account for Plaintiff's chronic pain syndrome. (ECF. No. 14:3–6). In support of his argument, Plaintiff points to the medical evidence from Dr. Adolfo Benitez, Dr. Gregory Misenheimer, Dr. Charles Broome, and Dr. Edrick Lopez from the El Paso Pain Center. (*Id.*). Specifically, Plaintiff argues that the ALJ failed to address the medical evidence from these doctors. (*Id.*). Similarly, in Plaintiff's second contention, he indicates that the ALJ was only "using portions of evidence favorable to his [sic] position while ignoring other evidence." (*Id.* at 6) (internal quotations omitted). Because Plaintiff's first two contentions overlap, the Court will address them together.

Plaintiff's argument has merit. First, the ALJ failed to properly evaluate the medical evidence and opinion from Dr. Misenheimer. Plaintiff visited Dr. Misenheimer two times—the first time on November 10, 2016, and the second time on June 22, 2017. (R:965–74). During the first visit, Plaintiff was evaluated by Dr. Misenheimer, but during the second visit, Plaintiff was evaluated by Nurse Gabriela Martinez. (*Id.*). While the ALJ discusses Plaintiff's second visit, the ALJ omits any findings from Dr. Misenheimer during Plaintiff's first visit.

Similarly, the ALJ failed to properly evaluate the medical evidence and opinion from Dr. Lopez or any other doctors from the El Paso Pain Center. Plaintiff visited the El Paso Pain Center multiple times from December 2, 2016, to June 19, 2017. (R:983–1195). In these visits, Plaintiff saw Dr. Edrick Lopez, Dr. Raul Lopez, Dr. Eduardo Vazquez, Dr. Anthony Han, and Nurse Amy McAnulty. (R:983–1024). While the ALJ briefly mentions Plaintiff's April 14, 2017 visit with

Nurse McAnulty, the ALJ omits the medical evidence from Dr. Edrick Lopez or any other doctors from the El Paso Pain Center.

An ALJ may not pick and choose only evidence which supports his or her decision, "but must address and make specific findings regarding the supporting and conflicting evidence, the weight to give that evidence, and the reasons for his or her conclusion regarding the evidence." *Armstrong v. Sullivan*, 814 F. Supp. 1364, 1373 (W.D. Tex. 1993); *See Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) ("Finally, it is clear that the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position."); *See also* 20 C.F.R § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").

In this case, without reweighing the evidence, there is ample evidence which support's Plaintiff's position. The ALJ failed to discuss the medical evidence from Dr. Misenheimer and from the El Paso Pain Center, and she "was not at liberty to ignore that evidence and, on remand, must consider all the evidence…." *Armstrong*, 814 F. Supp. at 1373. Finally, because the ALJ erred by failing to properly address medical evidence from Dr. Misenheimer and from the El Paso Pain Center, the Court will not address the other arguments made in Plaintiff's Brief.

### IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

**SIGNED** this 13th day of December, 2019.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE